**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EUGENE HAMPTON,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          No. 4:20-CV-966-CDP
                                   )
CITY OF ST. LOUIS, et al.,         )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Eugene Hampton, an incarcerated person at the St. Louis City Justice Center, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $10.73. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will partially dismiss plaintiff's claims and order him to file an amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full.  *Id.*

In support of his application to proceed in the district court without prepaying fees and costs, plaintiff submitted his certified inmate account statement showing an average monthly deposit of $53.66.  The Court will therefore assess an initial partial filing fee of $10.73, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background
### (Hampton's Pending Criminal Case in Missouri State Court)

On December 6, 2018, Hampton was indicted by a grand jury in the City of St. Louis of one count of murder in the first degree and one count of armed criminal action.  *State v. Hampton*, No. 1822-CR03371-01 (22nd Jud. Cir. Dec. 6, 2018).[1]  At his arraignment on January 2, 2019, Hampton pleaded not guilty; a trial date was set for February 19, 2019.  Upon Hampton's motion to set bond, the St. Louis City Circuit Court ordered a cash-only bond set in the amount of $1,000,000.

On February 6, 2019, on its own motion, the state court continued Hampton's trial from February 19 to April 1, 2019.  This order is signed by the attorneys for both sides and Judge

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

To avoid confusion, the Court will refer to plaintiff Eugene Hampton as "Hampton" when discussing his pending state court criminal case.

Elizabeth Byrne Hogan, Circuit Judge, Division 16.  After a pretrial conference on April 16, 2019, the trial was continued to August 5, 2019.  Again, the order was signed by representatives of both parties and the presiding judge.  On July 9, 2019, Hampton's counsel moved for an order for a mental evaluation, which was granted; the psychiatric report was received by the court on December 24, 2019.  Upon review of the case file after receipt of the psychiatric report, the case was rescheduled for trial June 22, 2020.

On June 23, 2020 at the request of the Court, the trial was continued and placed on a priority setting for September 8, 2020.  On August 31, 2020, because of the state of emergency caused by COVID-19 and declared by the mayor of the City of St. Louis the trial was reset for December 7, 2020.  On September 3, 2020, Judge Michael Mullen of Division 12 of the Circuit Court of the City of St. Louis ordered that Hampton's trial set for December 7, 2020 on a "priority determination for assignment of petit jurors." *Missouri v. Hampton*, No. 1822-CR03371-01 (filed Sept. 3, 2020).

Throughout his criminal proceedings, Hampton has filed motions for speedy trial, motions for bond reduction, motions for dismissal of all charges or release from custody, and motions for appointment of new counsel.  Hampton's latest motion for appointment of new counsel, filed April 2, 2020, is pending.  In this motion, plaintiff has alleged his attorney ordered a mental examination of plaintiff without cause.  Plaintiff also states he is "having no communication with my attorney at all . . . Mr. Barron, he's not acting in accordance with the American Bar Association in regard to prompt communication with myself."

-4-

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against several entities and individuals alleging violations of his constitutional rights arising out of either his pending state court criminal matter or his current incarceration.  Named as defendants are the City of St. Louis, the St. Louis City Justice Center ("Justice Center"), Missouri State Public Defenders Office, Neil Barron (Public Defender), Unknown Walker (Lieutenant, Justice Center), Unknown Briggs (Lieutenant, Justice Center), and Shelby Nord (Correctional Officer, Justice Center).[2]  Plaintiff sues all defendants in their official capacities only.

Plaintiff raises seven separately-numbered claims in his complaint.  In Claim 1, plaintiff sues the City of St. Louis for violating his rights to a speedy trial, violating his right to "accessible bail," and violating his right to fair legal counsel.  In Claim 2, plaintiff sues the Justice Center for "beginning on 9-28-18 began violating my constitutional rights by inflicting cruel and unusual punishment on me."   Claim 3 asserts that defendant Missouri State Public Defenders unconstitutionally denied plaintiff a change of counsel.  Claim 4 is brought against plaintiff's public defender, Neil Barron, alleging Mr. Barron violated plaintiff's right to due process, slandered and defamed plaintiff, and concealed evidence from plaintiff.  Claim 5 is bought against Lieutenant Walker of the Justice Center, alleging he used excessive force on plaintiff by spraying him with pepper spray and allowing another inmate to assault him.  Claim 6 is brought against Lieutenant Briggs of the Justice Center, alleging Briggs aided Walker in the use of pepper spray.

---

[2] In a letter accompanying his certified inmate statement, plaintiff corrected the spelling of the names of defendants Neil Barron and Shelby Nord.  The Court will have the Clerk of Court correct the docket sheet accordingly.  *See* ECF No. 4-1.

Finally, in Claim 7, plaintiff alleges CO Shelby Nord "spray[ed] me with mace for no reason while the cameras will show I was holding a tray and a bowl of soup . . . ."

For relief, plaintiff seeks immediate release from the Justice Center "as I am beyond precedent for speedy trial and at high risk for severe response to COVID-19, or I am asking that the charges against me be dismissed."  As for monetary damages, plaintiff requests $3 million in actual and punitive damages from defendants.

### Discussion

1.    <u>Claims Arising Out of Plaintiff's Pending State Court Criminal Proceeding</u>

To the extent plaintiff seeks immediate release from the Justice Center and to have his state criminal charges dismissed due to alleged violations of his right to a speedy trial under the Sixth Amendment, plaintiff is seeking habeas corpus relief.[3]  He also complains of excessive bail.  For the reasons discussed below, the Court must summarily dismiss these claims.

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial").  However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241.  *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241");

---

[3] Plaintiff filed his complaint on a court-provided form for a prisoner civil rights action under 42 U.S.C. § 1983.  Regardless of the form, however, plaintiff is seeking relief more properly construed as a motion for writ of habeas corpus under 28 U.S.C. § 2241.  The Court will consider his speedy trial claims within the framework of a 28 U.S.C. § 2241 motion.

*Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for petitioner to attack his case on speedy trial grounds and to contest his bond.

(a)    Speedy trial claims

Plaintiff asserts that his case should be dismissed because his right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution has been violated.[4]  Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).  To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court").

---

[4] To the extent plaintiff seeks to bring a claim under the Missouri Speedy Trial Act, the Court is unable to grant plaintiff relief.  Federal courts do "not have jurisdiction under 28 U.S.C. § 2241…to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  Rather, such claims based on state law and the actions of state officials must be addressed by a state court.  *Id.*; *see also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts").

In this case, plaintiff has not demonstrated that he has exhausted his state court remedies. Review of his state proceedings show that on February 19, 2019, plaintiff filed a motion for a speedy and public trial; that on October 17, 2019, he filed a motion to dismiss for violation of statute § 217.460 request for final disposition within 180-day of speedy trial request.  Both motions were filed with the Circuit Court, but it does not appear that they have been set for a hearing or ruled on by the Circuit Court.  Plaintiff's state criminal case is pending.  Discovery has been ongoing throughout the criminal proceeding, with the most time-consuming delay being plaintiff's counsel's request that plaintiff be evaluated psychiatrically.  Plaintiff has not filed for a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court.  Mo. Rev. Stat. § 545.780(2).  He has also failed to establish any "special circumstances" that would allow him to avoid exhausting his state remedies.  *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

In light of this, the Court declines plaintiff's request to insert itself into his ongoing state criminal case, especially without a showing that he has availed himself of state court mechanisms. As such, plaintiff's speedy trial claims must be dismissed.

### (b)     *Excessive bail claim*

Plaintiff states that the City of St. Louis has violated his constitutional right by "fail[ing] to provide accessible bail."  Plaintiff is being held on a $1,000,000 cash-only bond.  This bond determination has been reviewed by the Circuit Court, with the latest bond review occurring on March 26, 2020.  As noted above, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though

a prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636.  Given this caution against interference and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief.  *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *see also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Similar to his speedy trial claims, petitioner has failed to exhaust his state court remedies with regard to bond.  There is no indication that petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).  The Court declines plaintiff's request to rule upon the constitutionality of his bond before he has sought review from the state appellate courts. As such, plaintiff's excessive bond claim will be dismissed.

### (c) *Claims against public defender*

Plaintiff's claims against his public defender Neil Barron and the Missouri State Public Defenders Office arise out of Barron's representation of plaintiff his state court criminal proceedings.  Again, plaintiff has raised these issues in the state court; plaintiff's motion for appointment of new counsel, filed April 2, 2020, remains pending.

The complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). All of plaintiff's claims against his public defender arise out of Mr. Barron's representation of plaintiff in state court. As a result, plaintiff's claims against his public defender Neil Barron and the Missouri State Public Defenders Office will be dismissed.

    2.   <u>Allegations of Unlawful Force</u>

In addition to seeking review of his pending state law criminal case, plaintiff's complaint alleges officers at the Justice Center have violated his constitutional rights to be free of unlawful use of force. He states that on August 30, 2019, defendant Lt. Walker pepper sprayed plaintiff and provoked another inmate to assault him. Plaintiff states defendant Lt. Briggs aided in these efforts. Plaintiff also alleges that on June 23, 2019, defendant CO Shelby Nord pepper sprayed plaintiff while he was carrying a tray and a bowl of soup.

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id.*

Plaintiff's unlawful force claims do not survive initial review, however, because plaintiff has sued defendants Walker, Briggs, and Nord only in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."

-10-

*See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Here, plaintiff has not established the City of St. Louis' liability for the alleged conduct, so his official capacity claims against defendants Walker, Briggs, and Nord must be dismissed. Because plaintiff makes serious allegations against these officers, however, the Court will grant plaintiff an opportunity to file an amended complaint to state his claims against these defendants in their individual capacities.

3.   Instructions for Filing Amended Complaint

The Court will grant plaintiff thirty days to file an amended complaint to state claims of excessive force or failure to protect against defendants Walker, Briggs, and Nord in their individual capacities.  The Court will provide plaintiff with its form complaint for civil rights violations.  *See* E.D. Mo. L.R. 2.06(A)  In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  Plaintiff must allege the factual circumstances surrounding his claims, *i.e.*, what happened.  He cannot merely state that prison officials deployed pepper spray on him, and then conclude that they used excessive force.

-11-

If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff. Plaintiff is specifically instructed that the only claims he may raise in the amended complaint are those of excessive force or failure to protect against defendants Walker, Briggs, and Nord in their individual capacities, as all other claims are being dismissed.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that he can adequately present his

claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will deny plaintiff's motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $10.73 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute the name Neil Barron for Neal Darren and Shelby Nord for Shelby Noro as defendants on the docket sheet.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants the City of St. Louis, St. Louis City Justice Center, Missouri State Public Defenders Office, and Neil Barron are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Lieutenant Briggs, Lieutenant Walker, and Correctional Officer Nord in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a form prisoner civil rights complaint under 42 U.S.C. § 1983.  Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint in accordance with the instructions set forth in this order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint within

thirty (30) days of the date of this Order, the Court will dismiss this action without further notice to plaintiff.

      **IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 2] is **DENIED**.

      **IT IS FURTHER ORDERED** that plaintiff's motion for this Court to appoint substitute counsel in his pending state proceeding [ECF No. 2] is **DENIED**.

      An Order of Partial Dismissal will accompany this Memorandum and Order.

      Dated this 9th day of September, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE