UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-966-CDP |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of plaintiff Eugene Hampton's amended complaint pursuant to 28 U.S.C. § 1915(e).[1] For the reasons discussed below, the Court will order the Clerk of Court to issue process on defendant Shelby Nord and defendant Lieutenant Walker in their individual capacities arising out of plaintiff's allegations of excessive force. The Court will dismiss, however, plaintiff's due process claims brought against defendants Lieutenant Walker and Unknown Disciplinary Hearing Officers.

**Background**

Plaintiff initially filed this suit naming eight defendants, many of whom were involved in plaintiff's underlying criminal case pending in St. Louis City Circuit Court. On initial review, the Court dismissed plaintiff's claims seeking immediate release from the St. Louis City Justice Center ("Justice Center") based on speedy trial violations and excessive bail. *See* ECF No. 7 at 6-9. The Court allowed plaintiff to amend his complaint to allege with more specificity his claims that officers at the Justice Center had violated his rights to be free of excessive force. Plaintiff filed

---

[1] On September 9, 2020, the Court granted plaintiff's motion to proceed in forma pauperis in this action and ordered him to file an amended complaint. *See* ECF No. 7.

his amended complaint as instructed. The Court will conduct its initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against defendants Shelby Nord, a Correctional Officer at the Justice Center; Unknown Walker, a Lieutenant at the Justice Center; and Unknown Disciplinary Hearing Officers.  He alleges that on June 16 and June 23, 2019, defendant Shelby Nord used excessive force against him in violation of his constitutional rights.  Plaintiff alleges that on August 30, 2019, defendant Lieutenant Walker used excessive force against him, wrote plaintiff a disciplinary ticket, and placed him in segregation.  Finally, plaintiff sues Unknown Disciplinary Hearing Officers because he was "denied a disciplinary hearing" when he was placed in segregation and "not apprised of the charges against me." Plaintiff sues all defendants in their individual capacities only.

Plaintiff alleges that on June 16, 2019, defendant Officer Nord asked him to return to his cell.  He states that because he was not moving fast enough, Nord "reached for her pepper spray in an attempt to spray me but I made it into my cell before she could."  Plaintiff alleges that one week later, he asked Officer Nord why she had attempted to spray him with the pepper spray.  Officer Nord "became angry and belligerent and sprayed me upon the face and body with pepper spray while I was holding a food tray in one hand and a bowl of food in the other."  Plaintiff alleges he was then placed in segregation on the grounds of a falsified disciplinary ticket written by Officer Nord.  He states he was placed in segregation without being allowed a shower to wash the pepper

spray off his face and body.  He alleges he was denied a disciplinary hearing, not apprised of the charges against him, and stayed in segregation for at least four days.

As to defendant Lieutenant Walker, plaintiff states that on August 30, 2019, while he was walking to the medication line, he was attacked and assaulted by another inmate "who punched me about the mouth and knocked two of my teeth out."  He states defendant Lieutenant Walker then sprayed plaintiff with pepper spray and took him to segregation without being allowed a shower to wash the pepper spray from his body.  Again plaintiff states he was denied a disciplinary hearing, not apprised of the charges against him, and stayed in segregation for eleven days.

As a result of being pepper sprayed twice, plaintiff states he suffered burning skin on his face and body, pain in his mouth, headaches, choking, breathing complications, burning eyes, and mental and emotional discontent.  For relief, he seeks $100,000 in actual damages and $25,000 in punitive damages

**Discussion**

*(a)     Excessive Force Claims—Defendants Officer Nord and Lieutenant Walker*

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment.  *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v.*

*Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).  The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner."  *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014).  Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished.  *Id*.

Liberally construed, plaintiff alleges defendant Officer Nord sprayed him with pepper spray while he was standing, holding a food tray in one hand and a bowl of soup in the other.  Plaintiff alleges the only provocation for this action was that he asked Officer Nord why she had tried to pepper spray him the week before.  The Court finds on initial review that plaintiff has stated a plausible claim that Officer Nord used excessive force in violation of the Fourteenth Amendment.  The Court will issue process on defendant Officer Nord in her individual capacity.

Also, the Court finds on initial review that plaintiff has stated a plausible claim of excessive force against defendant Lieutenant Walker.  Plaintiff states that he was waiting in the medication line at the Justice Center when he was assaulted by another inmate who knocked out two of plaintiff's teeth.  He states that Lieutenant Walker sprayed him with pepper spray.  Lieutenant Walker then took plaintiff straight to segregation "without being allowed a shower to wash the pepper spray off his body."  Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has stated a plausible claim of excessive force against Lieutenant Walker.  The Court will issue process on defendant Lieutenant Walker in his individual capacity.

*(b)     Due Process and Administrative Segregation Claims*

In the administrative segregation context, the determination of whether prison officials denied an inmate due process involves a two-step inquiry.  *Williams v. Hobbs*, 662 F.3d 994, 1000

(8th Cir. 2011).  First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action.  *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest").  Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined.  *Williams*, 662 F.3d at 1000.

As life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain his due process claim.  *See Phillips*, 320 F.3d at 847.  The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  So to assert a due process violation based on a liberty interest of avoiding administrative segregation, "an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed."  *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (internal quotations omitted).

The Eighth Circuit has stated that an assignment to disciplinary or administrative segregation is not, in itself, an atypical and significant hardship.  *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (stating that Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*"); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (stating that plaintiff's "demotion from administrative segregation to punitive isolation is not the sort of deprivation that qualifies as atypical and significant"); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (stating that

plaintiff "has no liberty interest in avoiding administrative segregation unless the conditions of his confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). This is so even if the demotion to segregation is without cause. *Phillips*, 320 F.3d at 847.

Plaintiff states that twice he was placed in administrative segregation without first having a hearing and without being notified of the charges brought against him. Because plaintiff cannot show that his placement in administrative segregation created an atypical and significant hardship in relation to the ordinary incidents of prison life, he cannot show a violation of his liberty interests. Because no liberty interest is at issue, plaintiff cannot sustain his due process claims against defendants. For this reason, plaintiff's claims against defendants Lieutenant Walker and the Unknown Disciplinary Hearing Officers arising out of his placement in segregation will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to plaintiff's excessive force claims against defendants Shelby Nord and Lieutenant Walker in their individual capacities pursuant to the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Disciplinary Committee Hearing Officers are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all plaintiff Eugene Hampton's claims in his amended complaint of due process violations arising out of his placement in segregation are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of February, 2021.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

-8-